66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roy G. HEATH, Petitioner,
v.
Jesse BROWN, Secretary of Veterans Affairs, Appellee.
 No. 95-7052.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Roy G. Heath's appeal for lack of jurisdiction. The court accepts Heath's untimely opposition.
 
 
 2
 In 1989, Heath filed claims for entitlement to service connection for, inter alia, bilateral knee chondromalacia, a hearing defect, elevated blood pressure, a bilateral hernia condition, chest pain, back pain, and neck pain. The regional office granted service connection for bilateral chondromalacia of the knees, chronic lumbosacral strain, a bilateral hearing defect, and residuals of an appendectomy, scrotal surgery, hemorrhoids and bilateral dilated inguinal rings without hernia, but assigned a noncompensable rating to each of these conditions. The regional office also denied service connection for chest pain, elevated blood pressure, and neck pain.
 
 
 3
 In June 1991, following Heath's statements that his chest pains had been caused by a gastrointestinal problem, the regional office adjudicated and denied service connection for gastrointestinal problems. The regional office also granted service connection for the hernia repair, but rated it as 0% disabling, although Heath was granted a temporary 100% rating for his period of hospitalization during the surgery and his recovery. Subsequently, Heath filed an additional claim for a temporary 100% rating based on hospitalization for gallbladder surgery. In December 1991, the Board of Veterans Appeals remanded the case to the regional office for further development of certain claims.
 
 
 4
 In March 1992, the regional office denied service connection for neck pain, gastrointestinal disability, and the gallbladder operation, denied increased ratings for all of Heath's service-connected conditions, and denied a compensable rating under 38 C.F.R. Sec. 3.324. These ratings were confirmed in June 1992. After medical examinations of Heath by VA doctors in June and November of 1992, the regional office also denied service connection for "gastrointestinal disability manifested by chest pain."
 
 
 5
 On April 11, 1994, the Board of Veterans Appeals granted service connection for cervical strain and gastroesophageal reflux and denied service connection for hypertension because the claim was not well grounded. Additionally, the Board denied all of Heath's claims for increased ratings for his service-connected conditions, but awarded a 10% rating based on the effect of multiple noncompensable service-connected disabilities pursuant to 38 C.F.R. Sec. 3.324. The claim for a temporary rating for gallbladder surgery was referred to the regional office as it "had not been developed for appellate review."
 
 
 6
 On April 17, 1995, the Court of Veterans Appeals affirmed the Board's decision. The court stated that Heath's claim for service connection for hypertension was not well grounded because there was no medical evidence that he suffered from that condition. The court also found that a plausible basis existed for the Board's denial of increased ratings for the service-connected conditions. The court held that other claims submitted by Heath subsequent to the Board's decision were not ripe for review. Finally, the court noted that it was not authorized to award the $2.5 million settlement requested by Heath. Heath appealed to this court.
 
 
 7
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 8
 In his informal brief, Heath argues that he is entitled to service connection for hypertension and that he should have received a higher rating because of his numerous medical problems. In essence, Heath is challenging factual findings and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 11
 (2) The Secretary's motion to dismiss is granted.
 
 
 12
 (3) Each side shall bear its own costs.